Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn P. Hester;<br><br>  Plaintiff,<br><br>v.<br><br>Autovest, LLC;<br><br>  Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

### I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In the course of attempting to collect a debt, Defendant intentionally engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## III. PARTIES

3. Plaintiff is a resident of Maricopa County, Arizona.
4. Plaintiff is a natural person who is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Autovest, LLC is a Michigan limited liability company registered to do business within the state of Arizona.
7. Autovest regularly uses the courts in Arizona to collect consumer debts.
8. Autovest collects or attempts to collect debts which it claims to have purchased or been assigned after default.
9. Autovest is a "debt collector" as that term is defined by FDCPA § 1692a(6).

## IV. Factual Allegations

10. In May 2007, Plaintiff entered into a Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement ("RISC") with Earnhardt's Gilbert Dodge, Inc. in order to purchase a used 2007 Chrysler PT Cruiser.
11. The purchase of the Chrysler, and the resulting debt, were incurred for personal, family, or household purposes.

12. Earnhardt Dodge immediately assigned the RISC to Wells Fargo Bank, N.A.
13. Sometime later, in or about 2009, Plaintiff was unable to continue making payments to Wells Fargo, and defaulted on the RISC.
14. Wells Fargo repossessed the Chrysler in 2010.
15. Wells Fargo subsequently sold the Chrysler and claimed a deficiency balance owing under the contract.
16. Sometime thereafter, Autovest claimed that it had purchased Plaintiff's Well Fargo debt, and initiated collection action.
17. On March 18, 2014, Autovest filed a lawsuit against Plaintiff in the East Mesa Justice Court in Maricopa County, Arizona in an attempt to collect the deficiency balance from Plaintiff.
18. On or about May 28, 2014, Autovest provided Plaintiff with a packet of documents including an affidavit from an Autovest employee, and five exhibits.
19. In the cover letter from Autovest's counsel, it states that this packet "may be used with a future motion for judgment," and is "intended to supplement Plaintiff's prior disclosure statement."
20. The employee affidavit is signed by Christina Stiles, Records Manager for Autovest. (A copy of Stiles Affidavit is attached hereto as Exhibit 1).
21. One of the exhibits attached to the packet, is titled an Assignment of Installment Contract ("Assignment"). (A copy of the Assignment is attached hereto as Exhibit 2).
22. In the affidavit, Stiles states in paragraph 11 that "A true and accurate

1    copy of the Assignment of Installment Contract [is] attached hereto as
2    Exhibit 'E'."
3    23. The Assignment is signed as follows:

ASSIGNOR:

Wells Fargo Bank, N.A.

BY   /s/ Darren Kazich
      Darren Kazich, Agent

24. The alleged "agent," Darren Kazich, is an employee of Autovest, not Wells Fargo.

25. Both the Stiles Affidavit and the Assignment were attached to support Autovest's motion for summary judgment filed in the justice court lawsuit.

26. Specifically, in the motion for summary judgment, Autovest used the Affidavit and the Assignment as its sole support that "Wells Fargo Financial, Inc. sold and assigned all of its rights and obligations of the credit account to Plaintiff."

27. Autovest routinely uses these "Assignment" forms to falsely represent that the statement is signed by Wells Fargo, not Autovest.

28. Autovest purposefully uses the misleading Assignment to falsely represented that Wells Fargo provided the Assignment to show that Plaintiff's RISC had been assigned to Autovest.

29. At the time Autovest disclosed the Affidavit and Assignment of Installment Contract, it knew, or should have known, that its misrepresentation as to the origination of the Assignment was false and misleading to the least sophisticated consumer.

30. At the time Autovest used the Affidavit and Assignment to support its motion for summary judgment, it knew, or should have known, that the misrepresentation of the origin of the Assignment would be false and misleading to the least sophisticated consumer.

31. As a result of Defendant's actions as outlined above, Plaintiff has suffered actual damages including, but not limited to, legal expenses, anxiety, worry, and other emotional distress.

32. Defendant's actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff' rights, and part of Defendant's persistent and routine practice of debt collection.

33. In the alternative, Defendant's actions were negligent.

## V.  Causes of Action

### a. Fair Debt Collection Practices Act

34. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

35. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692e(14).

36. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a)  Actual damages under the FDCPA;

b)  Statutory damages under the FDCPA;

c)  Costs and reasonable attorney's fees pursuant to the FDCPA; and

d)  Such other relief as may be just and proper.

DATED  March 31, 2015 .

                s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff